```
                  IN THE UNITED STATES DISTRICT COURT
                  FOR THE SOUTHERN DISTRICT OF TEXAS
                            HOUSTON DIVISION


EDITH A. MEDVIGY,                    §
                                     §
            Plaintiff,               §
                                     §
v.                                   §    CIVIL ACTION NO. H-08-2623
                                     §
METROPOLITAN LIFE INSURANCE          §
COMPANY,                             §
                                     §
            Defendant.               §
```

**MEMORANDUM OPINION AND ORDER**

Edith A. Medvigy brings this action against Metropolitan Life Insurance Company ("MetLife") alleging breach of contract and other claims regarding MetLife's refusal to pay benefits on a dependent life insurance policy she took out on her late husband's life. Pending before the court is Defendant's Motion for Summary Judgment (Docket Entry No. 17). For the reasons explained below, the court will grant MetLife's motion.

### I.   Factual and Procedural Background

This action concerns a dispute over MetLife's denial of benefits under a dependent life insurance policy Medvigy took out on her husband, Marion Medvigy ("the decedent"), as part of an employee benefits plan Medvigy obtained from her employer, Northrop Grumman. Plaintiff Medvigy is a resident of Montgomery County,

Texas.[1]  MetLife is a New York Corporation that is authorized to do business in Texas.[2]

Medvigy began working for Northrop Grumman in 1995.  As a full-time employee, she was entitled to take part in the Northrop Grumman Health Plan (the "Plan"), which includes, among other benefits, optional life insurance for dependents.[3]  As an employee welfare benefit plan, the Plan is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., a federal law that governs administration of such plans.[4]  Medvigy took out a policy on the life of her husband under the Plan, and the policy was issued on December 1, 1999, by Aetna Group Universal Life, which administered the life insurance policies under the Plan at that time.[5]  On January 1, 2005, the funding of the life insurance benefits under the Plan transferred from Aetna Life Insurance Company to MetLife.[6]  Medvigy made payments on the

---

[1]Plaintiff's Original Petition and Requests for Disclosure, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶ 2.

[2]Id. ¶ 3.

[3]Northrop Grumman Health Plan, Exhibit A to Defendant's Motion for Summary Judgment and Supporting Brief ("Defendant's Motion"), Docket Entry No. 17.

[4]An explanation of a Plan participant's rights under ERISA is provided in A Guide to Your Northrop Grumman Health Plan, Exhibit C to Defendant's Motion, Docket Entry No. 17, pp. 172-174, MET APP. pp. 121-123.

[5]Plaintiff's Original Petition and Requests for Disclosure, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶ 5.

[6]Defendant's Motion, Docket Entry No. 17, p. 5.

Plan until the decedent's death on January 9, 2007.[7]  Medvigy and the decedent divorced at some point between 1999 and his death, although the record does not specify when the divorce occurred.[8]

Medvigy submitted a Life Insurance Claim Form on March 28, 2007, for $30,000 that she claimed was due to her on the life insurance policy.[9]  On May 1, 2007, MetLife sent Medvigy a letter denying the claim.  The letter states:

> The Death Certificate lists Marion Medvigy as being divorced and according to the Northrop Grumman Summary Plan Description he cannot be covered under your Group Life Insurance Benefit as a dependent.  The Plan states that "Eligible dependents include:  Your Spouse".  It goes on to state that "This does not include your legally separated or divorced spouse, even if the separation agreement or divorce decree states that coverage must be provided.  If the court orders you to provide coverage for your legally separated or divorced spouse, you must arrange for coverage on your own."  Therefore, based on the information we have on file, we are, at this time, denying your claim.[10]

The letter described the means by which Medvigy could appeal the decision, and provided a contact to whom Medvigy could inquire about a refund of premiums on the policy.[11]  There is no evidence

---

[7]Plaintiff's Original Petition and Requests for Disclosure, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶¶ 5-6.

[8]Marion Medvigy's marital status is listed as "Divorced" on his death certificate.  Certification of Vital Record, Exhibit B to Defendant's Motion, Docket Entry No. 17, MET APP. 84.

[9]Plaintiff's Original Petition and Requests for Disclosure, Exhibit A to Notice of Removal, Docket Entry No. 1, ¶ 6.

[10]Letter from MetLife to Edith Medvigy, May 1, 2007, included in Exhibit B to Defendant's Motion, Docket Entry No. 17, p. 71.

[11]Id.

in the record that Medvigy attempted to appeal the decision administratively.

On March 8, 2008, Medvigy filed suit against MetLife in the 284th Judicial District Court of Montgomery County, Texas, alleging breach of contract, quantum meruit, promissory estoppel, violation of the Texas Deceptive Trade Practices Act, and fraud.[12] MetLife removed the action to this court under 28 U.S.C. § 1441(b) as an action arising under ERISA (Docket Entry No. 1). Medvigy did not oppose removal and has not provided any argument for why ERISA does not govern the claims in issue. On November 13, 2009, MetLife filed a motion for summary judgment (Docket Entry No. 17). Medvigy has not responded to MetLife's motion.

## II.  Standard of Review

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment. Fed. R. Civ. P. 56(c). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a

---

[12]Plaintiff's Original Petition and Requests for Disclosure, Exhibit A to Notice of Removal, Docket Entry No. 1.

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 106 S. Ct. at 2553-2554). If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-2554). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." Little, 37 F.3d at 1075.

### III. Analysis

MetLife argues that it is entitled to summary judgment because: (1) the Plan provides no dependent life coverage for a Plan participant's former spouse; (2) Medvigy failed to exhaust

-5-

administrative remedies or timely file an administrative appeal, barring her claim for benefits; and (3) Medvigy's state law claims are preempted under ERISA.

**A.   Medvigy's State-Law Claims**

Medvigy's complaint states only state-law causes of action. MetLife argues that these causes of action are all preempted by ERISA. ERISA preempts all state laws that "relate" to employee benefit plans. Menchaca v. CNA Group Life Assur. Co., 331 Fed.Appx. 298, 304 (5th Cir. 2009) (citing 29 U.S.C. § 1144(a) and Provident Life & Accident Ins. Co. v. Sharpless, 364 F.3d 634, 640 (5th Cir. 2004)). "[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." Aetna Health Inc. v. Davila, 124 S. Ct. 2488, 2495 (2004). The Fifth Circuit has held that ERISA preempts state-law claims for breach of contract, breach of the duty of good faith and fair dealing, and unfair competition, unfair practices, and unfair and untimely processing of claims in violation of the Texas Insurance Code. See Ellis v. Liberty Life Assur. Co., 394 F.3d 262, 273-78 (5th Cir. 2004)). Since Medvigy's state-law causes of action all relate to an employee benefits plan governed by ERISA, all of these causes of action are preempted.

Medvigy has not stated any claims under ERISA. Her complaint, however, could have been brought under § 502(a) of ERISA, the

-6-

statute's civil-enforcement provision, which provides that a "civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan . . ." 29 U.S.C. § 1132(a).  State-law actions within the scope of § 502(a) are recharacterized as federal claims and are removable to federal court.  Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan, 388 F.3d 393, 399-400 (3d Cir. 2004); see Caterpillar, Inc. v. Williams, 107 S. Ct. 2425, 2430 (1987) ("Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law.").  Whether Medvigy's claims are recharacterized as an ERISA claim, however, makes no difference to the outcome of this action.

**B.   Medvigy's ERISA Claim – Applicable Law**

ERISA furnishes district courts with jurisdiction to review determinations made by employee benefit plans, including life insurance plans.  See 29 U.S.C. § 1132(a)(1)(B); Baker v. Metro. Life Ins. Co., 364 F.3d 624, 629 (5th Cir. 2004).  An ERISA plan administrator's factual determinations are reviewed for abuse of discretion.  Vercher v. Alexander & Alexander Inc., 379 F.3d 222, 231 (5th Cir. 2004); see also Martin v. SBC Disability Income Plan, 257 Fed. Appx. 751, 753-54 (5th Cir. 2007).  An abuse of discretion occurs when a claim is denied "[w]ithout some concrete evidence in the administrative record."  Gooden v. Provident Life & Accident

Ins. Co., 250 F.3d 329, 332-34 (5th Cir. 2001). "Under the abuse of discretion standard, if the plan fiduciary's decision is supported by substantial evidence and is not arbitrary and capricious, it must prevail." Corry v. Liberty Life Assurance Co. of Boston, 499 F.3d 389, 397 (5th Cir. 2007) (quoting Ellis, 394 F.3d at 273 (internal punctuation omitted). "A decision is arbitrary only if made without a rational connection between the known facts and the decision or between the found facts and the evidence;" the fiduciary's decision must be affirmed if it is supported by substantial evidence. Meditrust Fin. Servs. Corp. v. Sterling Chems., Inc., 168 F.3d 211, 215 (5th Cir. 1999) (internal quotation marks omitted). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Ellis, 394 F.3d at 273.

In resolving factual disputes as to the merits of an ERISA claim, the court's review is limited to the administrative record. Vega v. Nat'l Life Ins. Servs., Inc., 188 F.3d 287, 300 (5th Cir. 1999). The plaintiff bears the burden of demonstrating that she is entitled to benefits under the Plan's terms. See Perdue v. Burger King Corp., 7 F.3d 1251, 1254 (5th Cir. 1993). The court must determine whether substantial evidence exists to show that MetLife's decision to deny benefits was reasonable. Ellis, 394 F.3d at 273. Because MetLife is a plan administrator that both evaluates claims for benefits and pays benefits, it has a conflict

of interest. See Metropolitan Life Ins. Co. v. Glenn, 128 S. Ct. 2343, 2348 (2008). This conflict of interest is one of several factors the court takes into account in determining whether the administrator abused its discretion. Id. at 2350-2351.

**C.    MetLife's Argument**

MetLife argues that it did not abuse its discretion in denying Medvigy's claim because the Plan provides no dependent life coverage for a Plan participant's former spouse. MetLife has provided a document entitled "A Guide to Your Northrop Grumman Health Plan," which states that an eligible person under the Plan may also obtain coverage for eligible dependents, which may include "Your legally recognized spouse."[13] The Guide qualifies that definition, however:

> This does not include your legally separated or divorced spouse, even if the separation agreement or divorce decree states that coverage must be provided. If the court orders you to provide coverage for your legally separated or divorced spouse, you must arrange for coverage on your own.[14]

The Guide also states, "Your coverage in the Northrop Grumman Health Plan ends when . . . You or your dependents are no longer eligible to participate in the Northrop Grumman Health Plan."[15]

---

[13] A Guide to Your Northrop Grumman Health Plan, Exhibit C to Defendant's Motion, Docket Entry No. 17, p. 5, MET APP. 88.

[14] Id.

[15] Id. at 12, MET APP. 93.

MetLife has provided the Certificate of Insurance for the Plan, which states that "[a] Dependent's insurance will end on the earliest of: . . . 6.  the date the person ceases to be a Dependent."[16]  The Certificate defines "Dependent" as "Your Spouse and/or Child," and defines "Spouse" as "Your lawful spouse."[17]  The Certificate also states, "You and Your Dependents will only be insured for the benefits:  for which You and Your Dependents become and remain eligible."[18]

Considering this evidence, the court concludes that MetLife's decision to deny Medvigy life insurance benefits was supported by substantial evidence and was not arbitrary.  MetLife has produced a death certificate listing the deceased as divorced at the time of his death.[19]  MetLife has identified language in the relevant Plan documents that makes clear that a dependent spouse becomes ineligible for life insurance coverage in the event of a divorce. Medvigy has not provided any argument that the Plan language should be construed in any other way.  Because Metlife has produced substantial evidence showing that its decision to deny benefits was reasonable, Medvigy's ERISA claim fails.  See Ellis, 394 F.3d at 273.

---

[16]Certificate of Insurance, Exhibit A to Defendant's Motion, Docket Entry No. 17, p. 35, MET APP. 39.

[17]Id. at 25, 27, MET APP. 29, 31.

[18]Id. at 22, MET APP. 26.

[19]Certification of Vital Record, Exhibit B to Defendant's Motion, Docket Entry No. 17, MET APP. 84.

**D.  Conclusion**

Because Medvigy's state law claims are preempted and any ERISA claim she could bring would fail, the court concludes that there is no genuine dispute about any material fact and that the law entitles MetLife to judgment.  Therefore, the court will grant MetLife's motion for summary judgment.

Because MetLife is entitled to summary judgment on the merits of Medvigy's claim, the court will not consider MetLife's alternate argument that Medvigy's claim for benefits is barred because she failed to exhaust administrative remedies or timely file an administrative appeal.

## IV.  Conclusion and Order

For the reasons explained above, the court concludes that Medvigy's state law claims are preempted and her ERISA claims, if she were to pursue them, would fail because MetLife's decision to deny benefits was not an abuse of discretion.  Therefore, Defendant's Motion for Summary Judgment (Docket Entry No. 17) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 2nd day of February, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE